JL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas E. Melter,<br><br>  Petitioner,<br><br>v.<br><br>Catricia Howard,<br><br>  Respondent. | No.  CV 21-00320-TUC-SHR (BGM)<br><br>**ORDER** |

Petitioner Douglas E. Melter, who is confined in the United States Penitentiary-Tucson, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee.

**I.  Petition**

Petitioner pleaded guilty in the United States District Court for the Western District of Pennsylvania to one count each of attempting to induce a minor to engage in illegal sexual activity, possession of material depicting the sexual exploitation of a minor, and possession of a firearm by a convicted felon. *See United States v. Melter*, No. 1:13-cr-00012-MRH (W.D. Pa. 2013).  Petitioner was sentenced to a 360-month term of imprisonment, followed by supervised release for life.  (Doc. 27 in 1:13-cr-00012.) Petitioner appealed his convictions and sentence to the Third Circuit Court of Appeals. *See United States v. Melter*, No. 13-3658 (3d Cir. 2013).  (Doc. 29 in 1:13-cr-00012.)  On February 25, 2015, the Third Circuit granted the United States' Motion to Enforce

Petitioner's waiver of appellate rights in the plea agreement and dismissed the appeal. *Id.* (Doc. 42 in 1:13-cr-00012.)

On October 2, 2015, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in the sentencing court. (Doc. 47 in 1:13-cr-00012.) On December 7, 2016, the sentencing court denied Petitioner's Motion. (Doc. 61 in 1:13-cr-00012.) Petitioner appealed the sentencing court's decision, and on April 26, 2017, the Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *See United States v. Melter*, No. 17-1030 (3d Cir. 2017). Subsequently, the Third Circuit denied Petitioner's petition for rehearing en banc. *Id.*

On June 23, 2017, Petitioner filed a Motion for Relief in the sentencing court. (Doc. 65 in 1:13-cr-00012.) On September 5, 2017, the sentencing court denied the Motion, stating that to the extent that Petitioner's Motion was intended as a second or successive § 2255 motion, the motion was dismissed without prejudice for lack of jurisdiction. (Doc. 71 in 1:13-cr-00012.)

On January 8, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Oregon. *See Melter v. Ives*, No. 3:18-cv-00044-AC (D. Or. 2018) (Doc. 2). On May 3, 2018, the district court denied the Petition, dismissed the action, and denied a certificate of appealability. (Doc. 14 in 3:18-cv-00044.)

On August 16, 2021, Petitioner filed an Application for Leave to File Second or Successive Petition pursuant to 28 U.S.C. § 2244(b) in the Third Circuit. *See In re: Douglas Melter*, No. 21-2525 (3d Cir. 2021). The Third Circuit has not ruled on the Application. *Id.*

On September 7, 2021, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 in the sentencing court. (Doc. 74 in 1:13-cr-00012.) On September 21, 2021, the sentencing court directed the United States to respond to the Motion. (Doc. 75 in 1:13-cr-00012.) The United States has not yet responded to the Motion.

In his Petition in this Court, Petitioner names Catricia Howard as Respondent. He

purports to challenge the decision of the United States District Court for the District of Oregon in *Melter v. Ives*, discussed above. Petitioner raises two grounds for relief. He claims he is actually innocent of his conviction pursuant to 18 U.S.C. § 922(g), and he would not have entered into the plea agreement if he had known he could be found guilty of violating § 922.

## II.     Discussion

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate method for challenging a federally imposed conviction or sentence, including a challenge that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2241 petition for writ of habeas corpus is not a substitute for a motion under § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The Court will not consider a § 2241 petition by a prisoner authorized to apply for § 2255 relief "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). This exception is narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).

The § 2255 remedy **is not** inadequate or ineffective merely because the statute of limitations bars Petitioner from filing a motion under § 2255, the sentencing court has denied relief on the merits, or § 2255 prevents Petitioner from filing a second or successive petition. *See Ivy*, 328 F.3d at 1059; *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); *Tripati*, 843 F.2d at 1162. The § 2255 remedy **is** inadequate or ineffective "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (quoting *Stephens v. Herrera*, 464

F.3d 895, 898 (9th Cir. 2006)). In determining whether a petitioner has had an unobstructed procedural shot to pursue his claim, the court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy*, 328 F.3d at 1060-61).

The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner. *McGhee*, 604 F.2d at 10; *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Petitioner has failed to meet this burden because he has not shown he has not had an unobstructed procedural shot at presenting his actual innocence claim. Petitioner has sought and been denied relief with respect to his convictions and sentence in three courts. Moreover, as discussed above, Petitioner has filed a § 2255 motion in the sentencing court and an Application for Leave to File Second or Successive Petition pursuant to 28 U.S.C. § 2244(b) in the Third Circuit, both of which are still pending. Thus, the Court will dismiss the § 2241 Petition and this case for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Tripati*, 843 F.2d at 1163.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed**.

(2) The Clerk of Court must **enter judgment accordingly and close this case**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(3) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 4th day of October, 2021.

Honorable Scott H. Rash
United States District Judge